**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|   |   |   |
|---|---|---|
| **CUTISHA T. CAUTHORNE,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL NO. 3:08CV84 |
| **AMERICAN HOME MORTGAGE CORP.,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant Lawyers Title Insurance Corp.'s Motion for Summary Judgment (Docket No. 59) as to the only count of the Complaint in which it is named, Count V. For the reasons set forth herein, the motion for summary judgement is GRANTED.

**STANDARD OF REVIEW**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In reviewing a motion for summary judgment, the Court must view the facts in the light most

favorable to the non-moving party. Id. at 255.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48 (emphasis in original). Indeed, summary judgment must be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To defeat an otherwise properly supported motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of some "metaphysical doubt" concerning a material fact. Lewis v. City of Va. Beach Sheriff's Office, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). Of course, the Court cannot weigh the evidence or make credibility determinations in its summary judgment analysis. Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004).

Furthermore, a "material fact" is a fact that might affect the outcome of a party's case. Anderson, 477 U.S. at 247-48; JKC Holding Co. LLC v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; see also Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue

concerning a "material" fact only arises when the evidence, when viewed in the light most favorable to the non-moving party, is sufficient to allow a reasonable jury to return a verdict in that party's favor. Anderson, 477 U.S. at 248.

## ANALYSIS

The motion for summary judgment by Defendant Lawyers Title Insurance Corp. ("Lawyers Title") involves only Count V of the Plaintiff's complaint, which alleges a breach of contract by Lawyers Title in relationship to the subject loan refinance. (Compl. ¶ 34.) Specifically, Plaintiff asserts that she was a third party beneficiary to the Closing Protection Letter ("CPL") issued to her lender, American Home Mortgage Corp., by Lawyers Title, and as such, the obligation to compensate American Home Mortgage for a covered loss in regard to the subject refinance transaction "inures to the benefit of the plaintiff." (Compl. ¶ 34.)

In its motion for summary judgment, Lawyers Title asserts four basis for which summary judgment should be granted. First, Lawyers Title argues that because the Plaintiff did not acquire an interest in land during the refinance transaction, protection is precluded based on the language of the CPL. (Def.'s Mem. Supp. Mot. Summ. J. "Def.'s Mem." at 6-8.) Next, Lawyers Title asserts that because Plaintiff was not listed as an insured under a Lawyers Title insurance policy, the CPL does not provide any protection for the plaintiff. (Def.'s Mem. at 8-9.) Third, Lawyers Title argues that because the plaintiff has not suffered a loss relating to the status of her property or to the validity, enforceability, and priority of the mortgage lien on the property, Plaintiff is not entitled to a reimbursement under the CPL. Lastly, Lawyers Title argues that summary judgment may be entered as to Count V because Plaintiff is subject to all defenses that Lawyers Title would be able to assert if the Lender themself filed a claim under the CPL. As

this Court finds that Lawyers Title's first argument to be a sufficient basis to grant the motion for summary judgment, the Court will not decide the merits of the remaining issues.

Contracts are interpreted under the law of the state in which the contract was made. See Seabulk Offshore, Ltd. v. American Home Assur. Co., 377 F.3d 408, 419 (Va. 2004). Under Virginia law, where the subject contract was consummated, the rules of contract interpretation apply to the construction of insurance agreements. See id. When the contract language is ambiguous and the intentions of the parties are not clear from the writing, "the policy must be strictly construed against the insurer and liberally in favor of the insured." Id. (citing St. Paul Fire & Marine Ins. Co. v. S.L. Nusbaum & Co., 316 S.E.2d 734, 736 (Va. 1984)). However, when the language of the contract is clear and unambiguous, its interpretation is a matter of law which can be determined by the Court on a motion for summary judgment. See Great American Ins. Co. v. Gross, No. 3:05CV159, 2008 WL 376263, at *3 (E.D. Va. 2008).

The substance of the Plaintiff's claim against Lawyer's Title Insurance is based on the language of the CPL issued to American Home Mortgage by which the Plaintiff asserts that she is a third party beneficiary. (Pl.'s Mem. Opp. Mot. Summ. J. "Pl.'s Mem." at 1). The pertinent language of the CPL regarding possible coverage afforded to a borrower states: "If you are a lender protected under the foregoing paragraph, your borrower in connection with a loan secured by a mortgage on a one-to-four family dwelling shall be protected as if this letter were addressed to your borrower." (Def.'s Mem. at Ex. A (emphasis added).) This language unambiguously requires that a borrower read the letter from the beginning as though they were its recipient in order to determine under what circumstances they would be afforded protection.

The introductory paragraph of the CPL sets forth very specific circumstances upon

which protection can be afforded:

> When title insurance of Lawyers Title Insurance is specified for your protection in connection with closings of Virginia real estate transactions in which you are to be the lessee or purchaser of an interest in land or a lender secured by a mortgage (including any other security instrument) of an interest in land, the Company, subject to the Conditions and Exclusions set forth below, hereby agrees to reimburse you for actual loss incurred by you in connection with such closings when conducted by an Issuing Agent . . . or an Approved Attorney . . . and when such loss arises.

(Def.'s Mem. at Ex. A.)  Such language unambiguously sets forth a condition precedent to coverage under the CPL.  Specifically, the language dictates that in order to receive protection under the letter, the person or entity must either be (1) the lessee or purchaser of an interest in land; or (2) a lender secured by a mortgage (including any other security instrument) of an interest in land.  (Def.'s Mem. at Ex. A).  Whether this language is read from the perspective of the lender, or from that of the borrower, the limitation on coverage remains the same.  Thus, as the Plaintiff here was a fee simple owner of property (a status which was not changed or modified during the refinance transaction), and not a lessee or purchaser or a lender in the subject transaction, she is not afforded protection under the language of the CPL. (Compl. ¶ 7.)

While both parties assert arguments about whether other requirements for recovery under the CPL were met by the Plaintiff, it is unnecessary for the Court to address those issues because the Plaintiff did not meet the threshold requirement for coverage as explained above.  Although this Court finds it unusual, if not illogical and inequitable, that the CPL does not provide protection to the borrower in a refinance scenario, it appears that such is mandated by the language of the CPL.   Thus, based on the language of the CPL which limits recovery to persons who are either the lessee or purchaser of an interest in land, or lenders secured by a mortgage of an interest of land, and finding that the Plaintiff does not so qualify, the Court hereby grants

summary judgment as to Count V of the Plaintiff's Complaint in favor of the Defendant, Lawyers Title Insurance Corp.

An appropriate Order was previously issued by this Court on September 5, 2008.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: <u>September 15, 2008</u>